# Marshall, Appellant, *v.* Faddis.

199     397
f40SC¹128

*Conspiracy—Evidence—Declarations—Preliminary proof.*

To make the declarations of an alleged conspirator admissible in evidence against his co-conspirators, there must be preliminary proof of the joint purpose and action, not necessarily conclusive, but sufficient to submit to the jury on that fact; and the declarations so admissible must have been made during the pendency of the conspiracy.

Sometimes for the sake of convenience the acts or declarations of one are admitted in evidence before sufficient proof is given of the conspiracy, the prosecutor undertaking to furnish such proof in a subsequent stage of the cause. But this rests in the discretion of the judge, and is not permitted except under particular and urgent circumstances.

Declarations of an alleged conspirator when offered generally as to all the conspirators, and without any separation being made, are inadmissible against the party making them.

Argued Feb. 11, 1901. Appeal, No. 248, Jan. T., 1901, by plaintiff, from judgment of C. P. Chester Co., April T., 1899, No. 44, on verdict for defendants in case of Joseph N. Marshall and Hannah M. Marshall, in right of said Hannah M. Marshall v. George Faddis, Wallace S. Harlan, William De-Haven, Harry DeHaven and Samuel J. Wilson. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass for conspiracy to induce a person not to change his will. Before HEMPHILL, P. J.

At the trial plaintiffs offered to show by Jonas Newlin that William DeHaven gave George Faddis $3,000 in the shape of a note, that the consideration of this note was the influencing of William McCorkle by George Faddis so that he would not change his will in favor of his niece, Hannah Marshall, the will then having been made, between June, 1894, and August, 1895, the date of William McCorkle's death.

Mr. Reid: "Q. This was a statement made by William De-Haven after the death of William McCorkle? A. Yes."

Mr. Reid: I object. It is not a statement that would bind anybody as to what took place with reference to the conspiracy. That is, the declarations of any one of the conspirators is based upon the same principle, as principal and agent, that while the

agency is going on, whatever declarations he makes are evidence against the principal but that after the agency is terminated, then his declarations no longer bind and are no longer evidence; and it is the same principle precisely that declarations of one conspirator are evidence against all until the consummation of the thing they conspired to do. Now the thing it is alleged they conspired to do was the making of a will or preventing Mr. McCorkle changing his will. That was consummated and finally concluded when Mr. McCorkle died and the will was probated. This is simply a narrative of that alleged past transaction given by one of the alleged conspirators to Mr. Newlin in the fall of 1895, after the death of Mr. McCorkle, and therefore it is incompetent on that ground.

The Court: The objection is sustained. Exception. [1]

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; (2) in giving binding instructions for defendants.

*Charles H. Pennypacker*, for appellant.—The declarations were admissible to show one part or incident of the general scheme to defraud the plaintiff: White & Co. v. Rosenthal, 173 Pa. 175; Fillman v. Ryon, 168 Pa. 484.

In questions of fraud in consequence of a conspiracy, the declarations of either of the parties to the conspiracy in the consummation on the common purpose are admissible: Price v. Junkin, 4 Watts, 85; Jackson v. Summerville, 13 Pa. 359; McCaskey v. Graff, 23 Pa. 321; McDowell v. Rissell, 37 Pa. 164; Heath v. Page, 63 Pa. 108; Weil Bros. & Co. v. Cohn, 4 Pa. Superior Ct. 443; Wagner v. Aulenbach, 170 Pa. 495; Gains v. Gains, 2 A. K. Marsh. 191.

*Alfred P. Reid*, for appellees.—There was nothing before the court that would justify the admission of the testimony offered.

The declaration offered to be proved was merely a narrative of a past occurrence, and was not admissible as proof of the existence of such occurrence: 1 Greenleaf on Evidence, secs.

110, 111; Benford v. Sanner, 40 Pa. 9; Lowe v. Dalrymple et al., 117 Pa. 564; Kimmell v. Geeting, 2 Grant, 125.

The acts performed and declarations made for the purpose of carrying out an unlawful design are only evidence after the existence of such design has been presumptively established: American Fur Co. v. United States, 2 Pet. 358; Lincoln v. Claflin, 7 Wall. 132.

OPINION BY MR. JUSTICE MITCHELL, May 27, 1901:

To make the declarations of an alleged conspirator admissible in evidence against his co-conspirators, there must be preliminary proof of the joint purpose and action, not necessarily conclusive, but sufficient to submit to the jury on that fact; and the declarations so admissible must have been made during the pendency of the conspiracy: 1 Greenleaf on Evidence, sections 110, 111.

At the time of the offer made by the appellant there was no evidence before the court of a conspiracy by the defendants, and the conspiracy charged was admittedly completed and at an end by the death of the testator.

It is argued that the declarations were at least evidence against the party making them, and should have been admitted to that extent. But the offer was general as to all the defendants. It was clearly inadmissible generally, and no separation was made. "Sometimes for the sake of convenience the acts or declarations of one are admitted in evidence before sufficient proof is given of the conspiracy, the prosecutor undertaking to furnish such proof in a subsequent stage of the cause. But this rests in the discretion of the judge, and is not permitted except under particular and urgent circumstances:" 1 Greenleaf, sec. 111.

Judgment affirmed.